UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EILEEN RIZVI, NUSRAT RIZVI,<br>    *Plaintiffs*,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC,<br>    *Defendant*. | No. 3:18-cv-1175 (VAB) |

**ORDER DISMISSING CASE**

Eileen Rizvi and Nusrat Rizvi (collectively, "Plaintiffs") have sued BMW Financial Services NA, LLC ("BMW" or "Defendant"). Compl. ECF No. 1 (July 17, 2018).

For the following reasons, the Court **DISMISSES** this case **with prejudice**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On July 17, 2018, Plaintiffs filed the Complaint. Compl.

On December 3, 2018, the Court issued an order to show cause to determine whether the case was moot. Order to Show Cause, ECF No. 10 (Dec. 3, 2018).

On January 25, 2019, BMW submitted a response to the order to show cause. Resp., ECF No. 13 (Jan. 25, 2019).

On February 7, 2019, Plaintiffs objected to Defendant's response. Obj., ECF No. 14 (Feb. 7, 2019).

On July 2, 2019, the Court issued a ruling finding the case not moot and ordered parties to submit a joint Rule 26(f) Report. Ruling & Order, ECF No. 15 (July 2, 2019).

On August 2, 2019, the parties submitted a joint Rule 26(f) Report. Joint Report, ECF No. 19 (Aug. 2, 2019).

1

On September 30, 2019, the Court referred the case to Magistrate Judge William I. Garfinkel for settlement conference. Order, ECF No. 24 (Sept. 30, 2019).

On October 11, 2019, Judge Garfinkel held a telephonic pre-settlement conference. Minute Entry, ECF No. 27 (Oct. 11, 2019).

On January 15, 2020, Plaintiffs failed to appear for a scheduled settlement conference and failed to notify opposing counsel or the Court. Minute Entry, ECF No. 30 (Jan. 15, 2019).

On January 16, 2020, the Court issued an order to show cause to determine why the case should not be dismissed. Order, ECF No. 31 (Jan. 16, 2020).

On February 7, 2020, Plaintiffs failed to appear at the show cause hearing. Minute Entry, ECF No. 32 (Feb. 7, 2020).

On April 27, 2020, the Court issued a second order to show cause to determine why the case should not be dismissed. Order, ECF No. 33 (Apr. 27, 2020).

On May 27, 2020, Plaintiffs failed again to appear at the show cause hearing. Minute Entry, ECF No. 34 (May 27, 2020).

## II.    STANDARD OF REVIEW

Under Rule 41 of the Federal Rules of Civil Procedure, the Court has the discretion to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."); *see also Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."). "[A] district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion." *Nita v. Conn. Dep't of Envtl Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Dismissal for failure to

prosecute "is a harsh remedy that should be utilized only in extreme situations." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotation marks omitted); *see also Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) ("[A] pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" (citation omitted)).

### III.  DISCUSSION

In considering a Rule 41(b) dismissal, a district court must weigh five factors:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Having weighed all of these factors, dismissal is appropriate.

Plaintiffs have been granted many opportunities to prosecute this case and have repeatedly failed to do so. Plaintiffs failed to appear at mediation, and have now twice failed to appear at Order to Show Cause hearings, after having been given notice of the possibility of this case's dismissal. Significantly, counsel for Defendant has appeared at the settlement conference and at both hearings, presumably at a cost to the Defendant, and therefore has been prejudiced by the continuation of this case. Moreover, having failed to appear twice at duly noticed hearings, and not otherwise having communicated with the Court for several months, Plaintiffs have not sought or given the Court any reason to employ a sanction other than this case's dismissal.

As a result, this case will be dismissed, and consistent with a dismissal under Rule 41(b) for failure to comply with this Court's orders, this dismissal "operates as an adjudication on the

merits." Fed. R. Civ. P. 41(b); *see Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by plaintiff, weighs in favor of dismissal."); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (a district court maintains inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases"); *Lucas*, 84 F.3d at 534–35 ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with 'any order of the court.'").

## IV. CONCLUSION

For the reasons explained above, the Court **DISMISSES** this case **with prejudice**.

The Clerk of Court respectfully is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of May, 2020.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge